NO. 07-08-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 6, 2009
_____

AARON JAMEL LEWIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181st DISTRICT COURT OF POTTER COUNTY;

NO. 50,322-B; HON. JOHN B. BOARD, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Aaron Jamel Lewis (appellant) appeals from his conviction for possession of a controlled substance in a drug-free zone. He filed his notice of appeal on July 22, 2008. The clerk's record was filed on October 24, 2008, the reporter's record on October 17, 2008, and a supplemental clerk's record on December 8, 2008. Appellant's brief was due on November 24, 2008. Neither a brief nor a motion for extension was filed by that date

with the court. On December 10, 2008, the court sent a letter to appellant notifying him that the brief was overdue and that the brief or response was due on December 22, 2008. On December 11, 2008, counsel for appellant filed a motion for extension of time to file appellant's brief, which was granted to December 29, 2008. To date, no brief or extension motion has been filed.

Consequently, we abate the appeal and remand the cause to the 181st District Court (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant is indigent;

2. whether appellant desires to prosecute the appeal;

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be

2

developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before February 5, 2009. Should additional time be needed to perform these tasks, the trial court may request same on or before February 5, 2009.

It is so ordered.

Per Curiam

Do not publish.

3